UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SUMMIT VIEW, LLC,

    Debtor.
_____/

Chapter 11

Case No. 8:19-bk-10111-MGW

JANET L. DENLINGER and
HARRY R. DENLINGER,

    Plaintiffs,

v.

CITY OF DADE CITY, et al.,

    Defendants.
_____/

Adv. Proc. No. 8:19-ap-610-MGW

### CITY OF DADE CITY'S CORRECTIVE MOTION TO DISMISS PLAINTIFFS JANET AND HARRY DENLINGERS' THIRD AMENDED COMPLAINT

The City of Dade City (the "**City**"), by and through its undersigned attorneys, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, moves to dismiss Counts I and II of the Third Amended Complaint (the "**Motion**"). In support of the Motion, the City states:

### LEGAL ARGUMENT

1.    The Third Amended Complaint (the "**Complaint**") was filed on March 17, 2020 (Adv. Proc. Doc. No. 12) by Janet L. Denlinger and Harry Ryder Denlinger (the "**Denlingers**"). The Denlingers own property adjacent to the property owned by the Debtor, whose housing subdivision project is the focus of this lawsuit. The Complaint

1

contains nine counts, although the City is only named as a defendant in the first two counts. For the reasons discussed below, the City is requesting entry of an order dismissing Counts I and II of the Third Amended Complaint with prejudice.

**I.    The Settlement Agreement did not Require Approval of the Dade City Commission to be Valid and Enforceable.**

2.    Count I of the Complaint seeks declaratory relief pursuant to Florida Statute §86.201 contending that various approvals of the zoning, development, the plat, the Mass Grading Plan (as defined in the Complaint), and construction plans have expired, and [that] ~~thus~~ the settlement agreement of August 31, 2018 (the "**Settlement Agreement**") is "null," "void," and "invalid."

3.    Count I raises issues with the Settlement Agreement that was entered into between Summit View, LLC ("**Summit View**" or the "**Debtor**") and the City, arguing that the Settlement Agreement was invalid as the City did not obtain approval of the City Commission to enter into the Settlement Agreement.  The *Debtor's and the City of Dade City's Memorandum in Support of Amended Motion for Limited Relief form the Automatic Stay to Permit the Debtor to Negotiate an Amendment or Modification to the Settlement Agreement with the City of Dade City, Florida or in the Alternative, Entry of an Order Which Acknowledges Tolling of Certain Deadlines and Authorizes Debtor and Dade City to Proceed with Terms of Settlement* (the "**Memorandum**") has been previously filed in the main case (Doc. No. 123).  The Memorandum thoroughly explores all legal issues contained in Count I of the Complaint including the following: the numerous lawsuits which were resolved by the Settlement Agreement; the positions taken by the parties in the lawsuits resolved by the Settlement Agreement; the fact that lawsuits resolved by the

Settlement Agreement were being defended under an Insuring Agreement issued by Florida Municipal Insurance (the "**Trust**"): the manner in which litigation being handled by the Trust is settled as well as the limited role members in the Trust have with respect to the settlement of lawsuits being defended by the Trust; and the policies and procedures employed by the City to implement administrative policies and procedure, including implementing previously approved zoning matters.

4. By this Motion, the City incorporates by reference the arguments raised in the Memorandum. The Complaint should be dismissed as it is based on the fatally flawed premises that the Settlement Agreement required approval of the City Commission in order to be valid. For reasons set forth in the Memorandum, the Denlingers' position is without merit.

5. The Memorandum also raises issues with respect to standing and laches. The Denlingers are not parties to, nor third-party beneficiaries of, the Settlement Agreement. The Complaint does not allege any "special injuries" or any basis for the Denlingers to contend they have standing to contest the Settlement Agreement. The doctrine of laches also bars their claim.

6. The Denlingers' allegations of "problems" with the zoning, development approvals, construction plans, and similar approvals having expired are based on positions taken by the City in the underlying litigation. As discussed in the Memorandum, the City abandoned those arguments, some of which were determined not to be well-founded after consultation with a land use expert. All of the factual issues relied on by the Denlingers

were resolved by the Settlement Agreement, and the Denlingers are forever precluded from relitigating those issues.

**II.     Count II fails to state a claim for relief against the City as the City has no connection to the central issue of this count.**

7.      Count II contains a novel issue that bears no connection to the City. For the first time, the Denlingers raise in Count II the issue of the definition of "earth work" under the Southwest Florida Water Management District ("**SWFWMD**", or "the **District**") permit. Count II requests that the Court determine whether the maximum amount of dirt that can be excavated under the District permit applies to "compacted" dirt or "fluffed" dirt (after it has been loaded into a dump truck). Apparently, there is a difference between the volume/weight of dirt that is compacted versus dirt that has already been loaded onto a dump truck.

8.      First, Count II should be dismissed because the Denlingers have failed to allege exhaustion of all administrative appeals on the issue. The definition of "earth work" under a SWFWMD permit involves only the Debtor, the Denlingers, and SWFWMD. If the Denlingers take issue with the interpretation of "earth work" under the SWFWMD permit, they must first exhaust all administrative appeals before seeking relief from this Court. A person whose substantial interests are affected by the SWFWMD action has the right to request an administrative hearing on that action pursuant to §§ 120.569 and 120.57, Fla. Stat. Persons seeking a hearing on the SWFWMD decision which affects or may affect their substantial interests are required to file a petition for hearing with the office of the district clerk of the SWFWMD pursuant to §§ 373.427. and 373.119(1), Fla. Stat. Thereafter the final Order of the agency or of the administrative law judge is reviewable in

the appropriate District Court of Appeal. Fla. Stat. 120.68(1)(a)-(2)(a). The lack of any allegations by the Denlingers that they complied with this mandatory process, acts as a concession by them that have failed to pursue and exhaust administrative appeals, which requires dismissal of this count. If this court determines that it is now impossible for the Denlingers to fulfill their obligation to exhaust administrative appeals, this dismissal should be with prejudice.

9. Additionally, the City should be dismissed as a Defendant in Count II because the City has no connection to this issue and thus the City has been wrongly named in this Count. The City required as part of the 2007 zoning approvals that Summit View obtain all necessary permits, including an excavating permit from SWFWMD, which was reiterated in the Settlement Agreement. It is undisputed by the parties that Summit View applied for and was issued the appropriate dirt excavation permit; that renewals of the permit have been granted; and that Summit View has not exceeded the maximum amount allowed under its permit. As long as Summit View keeps the permit in good standing (a fact that is not challenged by the Complaint), the City has no interest or connection to Count II of the Complaint. Consequently, Count II of Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, City of Dade City, respectfully requests entry of an Order dismissing Counts I and II of the Third Amended Complaint, with prejudice, and for such other and further relief as may be just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *City of Dade City's Corrective Motion to Dismiss the Third Amended Complaint* has been furnished by the Court's CM/ECF system to all parties receiving electronic notice in this proceeding on this 30th day of March, 2020.

/s/ *Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
Becky Ferrell-Anton (FBN 449342)
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
sstichter@srbp.com
bfanton@srbp.com
(813) 229-0144 – Phone
(813) 229-1811 – Fax

and

/s/ *Martin J. Champagne, Jr.*
Martin J. Champagne, Jr. (FBN 605921)
Thomas P. Scarritt, Jr. (FBN 378781)
Scarritt Law Group
1405 W. Swann Avenue
Tampa, Florida  33606-2532
tps@scarrittlaw.com
mc@scarrittlaw.com
(813) 258-2300 – Phone
*Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Scott A. Stichter attests that concurrence in the filing of this paper has been obtained.*

Attorneys for City of Dade City