UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

SUMMIT-VIEW, LLC,

        Debtor,                                              Case No. 8:19-bk-10111-MGW

_____

JANET L. DENLINGER and HARRY
RYDER DENLINGER,

        Plaintiffs,

v.                                                                       Adv. Case No. 8:19-ap-00610-MGW

SUMMIT VIEW, LLC, a Florida limited
Liability company; DOUGLAS J. WEILAND,
an individual; JES PROPERTIES, INC., a Florida
corporation; KEENE SERVICES, INC., a Florida
corporation; and FLORIDA DESIGN
CONSULTANTS, INC., a Florida corporation,
CITY OF DADE CITY, a political subdivision of the
State of Florida; and SOUTHWEST FLORIDA
WATER MANAGEMENT DISTRICT, a political
Subdivision of the State of Florida,

        Defendants.
_____

**DEFENDANT KEENE SERVICES, INC.'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

COMES NOW, KEENE SERVICES, INC., a Florida corporation ("Keene Services"), by and through its undersigned attorney and pursuant to Bankruptcy Rule 7012 and other applicable law hereby moves this Court to dismiss Counts I, III, IV and VI as to Keene Services and alleges:

1.      The Third Amended Complaint alleges four claims against Keene Services arising from excavation on the Debtor/Defendant's, Summit View, LLC's, real property: Count I for declaratory relief, Count III for public nuisance, Count IV for private nuisance, and Count VI for negligence. All of the Plaintiff's purported causes of action suffer from multiple failings which require dismissal.

2.      In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true and consider them in the light most favorable to the plaintiff. <u>Siegle v. Progressive Consumers Inc. Co.</u>, 819. So 2d 732, 734-35 (Fla. 2002); <u>Nicarry v. Eslinger</u>, 990 So. 2d 319, 326 (Fla. 3d DCA 2008). Under the Federal Rules, a complaint must contain allegations of "ultimate fact" that would support the plaintiffs' theory of relief. A pleading which sets forth a claim for relief must state a cause of action and shall contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. <u>Beckler v. Hoffman</u>, 550 So 2d 68 70 (Fla. 5th DCA 1989). The Plaintiffs fail to allege sufficient facts to state a cause of action in either of the counts in the Third Amended Complaint, and therefore it should be dismissed.

3.      The Plaintiff's Count I seeks a declaratory judgment regarding existing zoning and approvals of the Debtor Summit View's real property. In the 102 paragraphs of the Third Amended Complaint, Keene Services is mentioned by name only six times, and none are substantive. The first time is in paragraph 7 where Keene Services is described as one "which excavates, loads onto dumptrucks, and removes dirt in connection with Summit-View's dirt mining operations…" The second mention is in paragraph 10 where Plaintiffs identify Keene Services. The third time is in paragraph 18 describing the removal of this action to the United States Bankruptcy Court. The fourth time is in paragraph 59 where Plaintiffs mention its circuit

court lawsuit filed on April 24, 2018. The fifth and sixth times are paragraphs 76 and 77 where Plaintiffs "throw in" Keene Services as a party who may have an interest in the declaratory judgment action. Keene Services has no interest.

4. During all the discussion of zoning approvals, permits, SWFWMD approvals, plats and construction plans, Keene Services is never mentioned. Even the section involving Expiration of Zoning and Beginning of Unauthorized For-profit Mining (para. 39-48) fails to mention Keene Services.

5. Keene Services is not and has never been a party to any of the regulatory permits to which the Plaintiffs assert violations. A declaratory judgment against Keene Services related to Count I will not affect anything. The absence of Keene Services in Count I would not prejudice any parties, and an adequate remedy is still available if Keene Services is not part of Count I.

6. The Count III public nuisance claim under §373.433, Fla. Stat. is available to obtain an injunction related to the existence and operation of any stormwater management system, dam, impoundment, reservoir, appurtenant work or works. It appears to apply to a private citizen's cause of action when the government regulatory authority fails to act when, for example, a stormwater management system violates the laws of Florida.

7. The Plaintiffs have improperly named Keene Services as a party to this Count III. The Third Amended Complaint fails to separate conduct of Keene Services. The Plaintiff summarily alleges in paragraph 113(a)-(c) that Summit View, LLC, Douglas J. Weiland, JES Properties, Inc., and Keene Services collectively constructed a stormwater management system in violation of certain SWFWMD permits. The Plaintiff fails to identify Keene Services as the permit applicant, permit holder, adjacent property owner or party responsible for constructing or

managing the stormwater management system which alleged failure contributed to or caused the alleged trespass onto the Plaintiffs' real property.

8. The Plaintiffs' Third Amended Complaint fails to allege the time frame when such "construction" was performed. This is important because Keene Services was not incorporated until April 2009 and had no relationship with the subject property until 2013.

9. Section 373.433, Fla. Stat., does not apply to Keene Services. Further, §373.136, Fla. Stat., is not applicable to Plaintiffs, and their request for fees should be stricken. Section 373.136, Fla. Stat., provides fees for actions by the governing board to enforce its regulations and orders.

10. Count IV is for private nuisance. Private nuisance is subject to an objective standard which is comparable to the objective standard used in negligence, to wit: is the effect of the condition complained of on ordinary persons with a reasonable disposition in ordinary health and possessing the average and normal sensibilities. Beckman v. Marshall, 85 So.2d 552, 555 (Fla. 1956). Anything which annoys or disturbs someone in the free use, possession or enjoyment of their property may become a nuisance and may be restrained. Ray v. Flynn, 690 So.2d 1341 (Fla. 3d DCA 1997). While there is no exact rule to determine what constitutes a nuisance, it must be substantial and unreasonable. Rae, 690 So.2d at 1343.

11. Count IV for private nuisance should be dismissed as to Keene Services. First, paragraph 122 qualifies Keene Services involvement in the lawsuit to "should Keene-Services continue to be involved should dirt mining operations resume". Keene Services was an independent contractor which excavated dirt, loaded the dirt onto dump trucks and removed the dirt from Debtor Summit-View's property. Keene Services ability to access Debtor Summit-View's property was solely with permission of the property owner. There is no allegation of

Keene Services being physically on the Plaintiffs' property, and the entry of an injunction as to the property owner, Summit-View, resolves the issue without Keene Services' involvement.

12. Count VI asserts a claim for negligence against Keene Services. Allegations within Count VI are repugnant and should be dismiss. <u>Don Mar, Inc. v. Gillis</u>, 483 So.2d 870 (Fla. 5th DCA 1986); <u>Opti, Inc. v. Sales Engineering Concepts, Inc.</u>, 701 So.2d 1234 (Fla. 4th DCA 1997); <u>Harry Pepper & Assoc., Inc. v. Lasseter</u>, 247 So.2d 736 (Fla. 3d DCA 1971).

13. Paragraph 146 of the Third Amended Complaint alleges the property is Keene Services' open pit mining operation, but paragraphs 7 describes it as Summit View's dirt mining operation, and management services and oversight is by JES Properties. Paragraph 9 provides JES Properties provides Summit View "all operational persons" and provides "management services" in connection with Summit View's dirt mining operations.

14. Keene Services is not the owner of any adjacent property to Plaintiffs, and it is not the holder of any permits applicable to any adjacent property to Plaintiffs, yet Plaintiffs allege in conclusory fashion that Keene Services had a duty to adjoining landowners because Keene Services was "the contractor charged with oversight, management and performance of the mining operation". This is demonstrably false based on the allegations in the Third Amended Complaint. There is no allegation that Keene Services was responsible for erosion control (para. 150), and it was not. There is no allegation that Keene Services was responsible for installing silt screening anywhere on the property (para. 151), and it was not. There is no allegation that Keene Services was provided with or knew about construction plans that allegedly were not followed. Count VI summarily alleges Keene Services was negligent in failing to do these things without alleging sufficient facts to establish a responsibility for them.

15. Paragraph 157 provides that Keene Services' negligent performance would

"potentially" deprive the Plaintiffs property of lateral support resulting in a "potentially" weakened boundary.  This is speculative damage and is not actionable.

16. Count VI fails to allege facts which would establish that Keene Services owed a duty of care to the Plaintiff. <u>Curd v Mosaic Fertiliza LLC</u>, 39 So. 3d, 12 (Fla. 2010).

17. Finally, Count VI fails to state a cognizable claim for negligence because it fails to identify when the tortious conduct allegedly occurred. Count VI merely alleges events occurred, but not when they occurred.  The lack of specificity does not allow for this Defendant to prepare a responsive pleading.  As stated previously, Keene Services was not contracted to provide any work on the Debtor, Summit-View's property until 2013.  When and what events apply to Keene Services is important for this Defendant to frame a responsive pleading.

WHEREFORE, Defendant Keene Services, Inc. respectively request that Counts I, III, IV and VI of the Third Amended Complaint as to this Defendant be dismissed, together with such other relief as the Court deems proper.

>Darryl W. Johnston, Esq.
>Fla. Bar No. 768286
>Johnston and Sasser, P.A.
>29 S. Brooksville Avenue
>Brooksville, FL  34601
>(352) 796-5123
>(352) 799-3187 facsimile
>djohnston@johnstonandsasser.com
>
>
>/s/ DENNIS J. LeVINE, ESQ.
>DENNIS J. LeVINE, ESQ.
>Fla. Bar No. 0375993
>KELLEY KRONENBERG ATTORNEYS AT LAW
>1511 N. Westshore Blvd., Suite 400
>Tampa, FL 33607
>(813) 223-1697
>(813) 433-5275 (fax)
>E-mail: dlevine@kelleykronenberg.com
>Attorneys for Keene Services, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Notice of Appearance was furnished either by electronic or standard first class mail to the parties listed below on this  31st day of  March, 2020.

/s/ DENNIS J. LeVINE, ESQ.
DENNIS J. LeVINE, ESQ.

Alberto F. Gomez, Jr., Esq.
401 East Madison St., Suite 3100
Tampa, FL 33602

Joseph F. Southron, Esq.
**FOUR RIVERS LAW FIRM**
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602

J. Michael Shea, Esq.
6301 Bayshore Blvd.
Tampa, FL 33611-5309

Donald E. Hemke, Esq.
**CARLTON FIELDS**
P.O. Box 3239
Tampa, FL 33601-3239